HEIRS OF RIVERA, PLAINTIFFS AND APPELLANTS, *v.* HERNÁNDEZ ET AL., DEFENDANTS AND APPELLANTS.

Appeals from the District Court of Humacao in Actions of Revendication.

Nos. 2664 and 2662.—Decided May 7, 1923.

CONTRACT—MINORS—FFIGNED MAJORITY—VOIDABLE CONTRACT—LIMITATION OF ACTION.—Two minors of 19 and 20 years of age respectively alienated their

hereditary rights, stating in the deed of assignment that they were adults. *Held:* That contracts made by minors who feign to be adults when they have nearly attained their majority are not void but voidable; and that the action for nullity authorized by section 1268 of the Civil Code not having been brought within four years after they became of age, the assignments were validated.

ID.—ID.—ID.—ID.—LAW OF THE CASE.—The judgment previously rendered in this action is the law of the case as to the heirs whose assignments of their hereditary rights were declared valid, and for this reason they can not now attack the validity of their assignments and the question can not be considered again.

ID.—ID.—HEIRS—PARTIES—RESERVATION OF RIGHTS.—The heir who died at the age of 13 years before this action was brought was improperly included as a plaintiff and his heirs are not parties to the action. *Held:* That the deceased heir and the posthumous heir, neither of whom was alleged or proved to have assigned his hereditary interests in any manner, are the sole joint owners of the property with the present possessor; therefore, a reservation should be made of their right to bring the corresponding actions against the said possessor.

The facts are stated in the opinion.

*Mr. L. Mendín* for the plaintiff-appellants.

*Messrs. R. Arce* and *M. Tous Soto* for the defendant-appellants.

MR. JUSTICE ALDREY delivered the opinion of the court.

This case comes up before this court for the second time on appeals taken by both parties from the final judgment of the lower court and although the said appeals have been heard separately, we think it better to consider them together both because of the intimate connection between them and also for a clearer understanding of the matter.

Jacinto Rivera García died on February 27, 1895, after having made a will on the day before in which he designated as his heirs the eight children of his first wedlock with Ricarda Delgado named Josefa, Graciano, Abad, Eduarda, Cristina, Prudencia, Agustín and Regalada, and also the child that might be born of his second wife, Eduvigis López, who was pregnant. This posthumous child is Alberto Rivera López.

Almost 21 years thereafter, or on January 5, 1916, five of the said children, Graciano, Abad, Cristina, Prudencia

and Regalada who were of age, the posthumous child, Alberto Rivera López, who was a minor, and five other minors, two of them Pedro and Jacinto, as children of the deceased heir Josefa Rivera Delgado, and the other three, Rafael, Andrés and Ramona Vázquez, as children of the also deceased heir Eduarda Rivera, brought an action against Gregorio Hernández and Francisca Martínez to recover a certain property of 25 acres of land, described in the complaint, alleging that it formerly belonged to their ancestor Jacinto Rivera García; that it then belonged to the plaintiffs as his heirs, and that it was held by the defendants in bad faith.

The defendants answered that before Jacinto Rivera García died Gregorio Hernández purchased 14 acres of the said land from him; that afterwards the said Hernández acquired from them all of the hereditary rights that the said plaintiffs had in the estate, with the exception of the posthumous child Antonio Rivera López, and that thereafter Hernández sold the property to defendant Francisca Hernández who is in possession under that purchase title.

At the commencement of the trial Graciano Rivera Delgado, who had died after the action was brought, was substituted by his widow, María Dávila, and his children Francisco, Pedro and María. Another son of Jacinto Rivera named Agustín was also included as plaintiff. After the evidence had been examined the District Court of Humacao rendered judgment against the defendants on the ground that although it was true that some of the plaintiffs con veyed their hereditary rights to Gregorio Hernández, they could pass no valid title until the estate had been partitioned.

On appeal from that judgment we held (26 P. R. R. 728) that the theory of the court below was erroneous because the said conveyances, although made before the liquidation and partition of the estate, were sufficient to transfer the

interests of the said heirs. We mentioned the public instruments whereby Josefa, Graciano, Abad, Eduarda, Cristina, Prudencia and Regalada conveyed their interests in the estate of their father to Gregorio Hernández, all of them stating that they were of age, and we said that the transfers made by Prudencia and Regalada were attacked because they were minors when they executed the deeds, but we did not decide as to their validity. We said that the record was silent with respect to the posthumous child and that Agustín, one of the heirs, died in 1899 when he was only thirteen years of age and before the action was brought. We said also that as Gregorio Hernández necessarily received all of the rights of the adult heirs, he was at least a co-owner with the minor heirs and an action of revendication did not lie against him; that we found no justification at all for that suit, especially on the part of the adult heirs, and that as the complainants did not unite in themselves the whole title to the property in question and as the adults had no claim at all, the complaint should be dismissed.

The judgment of this court was appealed from to the United States Circuit Court of Appeals for the First Circuit and that court sustained our conclusions of law that the heirs could transfer their hereditary rights even before the partition of the estate and that an action of revendication did not lie, but being in doubt as to whether or not we had held that the heirs had made valid transfers to Hernández of their interests in the estate of their father, although it could possibly be held that we had settled the rights of the adult heirs, if not also those of the minor heirs, the said court remanded the case for further proceedings so that the complaint could be dismissed without prejudice or, if possible, amended so as to present the real issue.

This mandate having been communicated to the District

Court of Humacao, the parties did not amend and merely moved the court for judgment on the pleadings and the evidence formerly examined, and the court dismissed the complaint without costs, but reserving to the heirs of Jacinto Rivera García, both adults and minors, such rights as they might have in the property in litigation so that they might bring the corresponding action. This judgment, according to the opinion written by the trial judge, was based on the fact that some of the plaintiffs did not prove that they were heirs of the deceased children of Jacinto Rivera. Such is the judgment from which the present appeals were taken, the defendants basing their appeal on the reservation made in favor of all of the descendants of Jacinto Rivera García, and the plaintiffs basing theirs on the dismissal of their complaint.

In their brief filed in this court the defendants move for the dismissal of the appeal of the plaintiffs on the ground that our former judgment in this suit is the law of the case, but this is not a ground for dismissal of the appeal, although it may be a ground for affirming the judgment, at least in so far as it dismissed the complaint.

The plaintiffs allege in support of their appeal that the trial court erred in holding that several of the plaintiffs did not prove that they were successors of Jacinto Rivera and also in holding that the failure to show the capacity of some of the present successors is fatal to the action of revendication, but we may pass over this question because of the opinion which we have formed of the case and admit, but without holding, that all of the plaintiffs proved that they were successors in interest of Jacinto Rivera García, for even then the complaint cannot be sustained. The other two grounds are that the court erred in holding that Gregorio Hernández has the right of possession to the property and, therefore, that an action of revendication by the plain-

tiffs against him can not be maintained, and also in holding that the heirs Josefa, Graciano, Abad, Eduarda, Cristina, Prudencia and Regalada Rivera Delgado assigned to Gregorio Hernández their interests in the estate of their father.

Inasmuch as the Court of Appeals approved the conclusions of law of our former judgment and merely vacated our judgment and remanded the case for further proceedings because it was in doubt as to whether or not we had settled the question of the validity of the conveyances made by the heirs, in order that the complaint might be dismissed without prejudice, or, if possible, that it might be amended so as to present the real issue, and inasmuch as the plaintiffs made no amendment after the judgment of the Court of Appeals and moved for judgment on the pleadings and the original evidence; and inasmuch as we then held that the adult heirs Josefa, Graciano, Abad, Cristina and Eduarda made valid transfers of their hereditary rights in the estate of their father to Gregorio Hernández, for we said that he necessarily received the rights of the adult heirs, and only failed to pass on the conveyances made by Prudencia and Regalada, because as to the minors Agustín and Alberto we said that it did not appear that they had transferred their hereditary rights, our previous judgment is the law of the case and therefore Josefa, Graciano, Abad, Cristina and Eduarda, or their successors, can not now attack the validity of their conveyances and that question can not be considered again.

As to the transfers made by Prudencia and Regalada in 1905 and 1908 when they were 20 and 19 years of age, respectively, according to their birth certificates, although we did not then consider the validity of their conveyances, it is well to say now that as both of them stated in the deeds of conveyance to Hernández that they were of age, they

having nearly attained their majority and not having brought within four years after attaining their majority the action of nullity authorized by section 1268 of the Civil Code, the said conveyances were validated and, therefore, Hernández acquired the rights that they had. Contracts made by minors who represent themselves to be adults when they have nearly attained their majority, are not void but voidable. In the case of *Garcia* v. *Garzot,* 19 P. R. R. 835, relying on a judgment of the Supreme Court of Spain therein cited, we held the validity of a contract similar to the present one made by a minor and not repudiated within four years. Manresa also, in his Commentaries on the Civil Code, volume 6, page 726, considers that contracts made under such circumstances are merely voidable.

As regards the other heir, Agustín, who died at the age of 13 years and before the action was brought, for which reason he was improperly included as a plaintiff and whose heirs are not parties to this action, and as regards the posthumous child Alberto Rivera López, it was not alleged or proved that they transferred their hereditary interests in any manner and, therefore, they are the only joint owners of the property with Francisca Martínez who purchased it from Hernández; therefore, a reservation should be made of their right to bring the corresponding actions against their co-owner Francisca Martínez.

With respect to the alleged purchase of 14 acres of the property in controversy by Hernández from Jacinto Rivera, it was not sufficiently proved; but this is without importance considering the conveyances made by all of the heirs except Agustín and Alberto.

For the foregoing reasons the judgment appealed from must be affirmed in so far as it dismissed the complaint without costs and also with regard to the reservation made

in favor of the minor heirs Agustín Rivera Delgado and Alberto Rivera López of such rights as they may have, and reversed as to the reservation made in favor of the other heirs.

*Affirmed in part.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.